The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS    EVAN DAVIS

**DEFENDANTS    CHASE BANK USA, N.A. & JP MORGAN CHASE BANK, N.A..**

**(b)** County of Residence of First Listed Plaintiff ___MONTGOMERY___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: TCPA, 47 U.S.C. § 227

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ☐ No.

## VIII. RELATED CASE(S) IF ANY

(See instructions):

DOCKET NUMBER

DATE 4/1/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EVAN DAVIS | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| CHASE BANK USA, N.A. & JPMORGAN | : | |
| CHASE BANK, N.A. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     (     )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     (     )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (     )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (     )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)     (     )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 4/1/15 | _[signature]_ | ANDREW M. MILZ |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| (610) 822-0782 | (610) 667-0552 | AMILZ@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT  APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1655 Oakwood Drive, N120, Narberth, PA 19072

Address of Defendant: 201 N. Walnut Street, Wilmington, DE 19801

Place of Accident, Incident or Transaction: 1655 Oakwood Drive, N120, Narberth, PA 19072
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) TCPA, 47 U.S.C. § 227

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, ANDREW M. MILZ, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE: 4/1/15     _____ Attorney-at-Law     207715 Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/1/15     _____ Attorney-at-Law     207715 Attorney I.D.

CIV.609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVAN DAVIS<br>1655 Oakwood Drive, N120<br>Narberth, PA 19072<br>      Plaintiff<br><br>vs.<br><br>CHASE BANK USA, N.A.<br>201 North Walnut Street<br>Wilmington, DE 19801<br><br>and<br><br>JPMORGAN CHASE BANK, N.A.<br>1111 Polaris Parkway<br>Columbus, OH 43240<br>      Defendants | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

2. The TCPA broadly prohibits any person from placing calls and text messages using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone.

3. Defendants harassed Plaintiff with repeated autodialed collection calls to Plaintiff's cell phone, in violation of the TCPA.

### II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendants transact business here.

### III. PARTIES

6. Plaintiff Evan Davis is a natural person who resides in Narberth, PA at the address captioned.

7. Defendant Chase Bank, USA, N.A. is a national association which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business as captioned.

8. Defendant, JPMorgan Chase Bank, N.A. is a national association which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business as captioned.

9. Defendants, Chase Bank, N.A. and JPMorgan Chase Bank, N.A. are collectively referred to herein as ("Chase" or "Defendants").

10. Chase at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

### IV. STATEMENT OF CLAIM

11. Plaintiff Evan Davis has a cellular telephone number (ending in 4323) which he carries on his person and regularly uses.

12. At all relevant times, this phone number was assigned to a cellular telephone service Plaintiff used and paid for.

13. Chase placed calls to Plaintiff's cellular telephone number in the effort to collect a Chase credit account.

14. The alleged credit account was a credit card used for primarily personal, family or household use.

15. Chase placed dozens of calls to Plaintiff's cell phone.

16. When answered, there would be a long pause or a recording, consistent with an automated telephone dialing system.

17. It is believed, and therefore averred, that the calls made by Chase to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

18. Chase did not have the "prior express consent" that is required by the TCPA.

19. Plaintiff told Chase to stop calling his cell phone, but the calls did not cease.

20. These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

21. Notwithstanding Plaintiff's instructions, Defendants continued to place prohibited calls to Plaintiff's cell phone without his prior express consent.

22. Defendants willfully placed these auto-dialed calls to Plaintiff without Plaintiff's consent.

## COUNT I – TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

24. Defendants have violated the TCPA, 47 U.S.C. § 227 et seq., and its implementing Regulation at 47 C.F.R. § 64.1200 et seq., by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to his cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants Chase Bank, N.A. and JPMorgan Chase Bank, N.A. for the following:

(a) Statutory damages for each call, pursuant to the TCPA;

(b) A declaration that Defendant's calls violate the TCPA;

(b) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/1/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**Attorneys for Plaintiff**